THE STATE, DEFENDANT IN ERROR, v. ARTHUR LASTER, PLAINTIFF IN ERROR.

Argued December 2, 1904—Decided March 6, 1905.

1. It is not erroneous, in a trial for murder, to admit in evidence articles found upon the person of the prisoner at the time of his arrest, and at that time taken into the custody of the officers of the law.

2. The facts proven in this case show that the prisoner ran from the store of the deceased, closely pursued by him, and that as the deceased, thus following, was crying: "Police; thief!" the prisoner turned in his flight and shot him. It was contended that these cries of the deceased, before the shooting, were wrongfully admitted in evidence. *Held*, that they were a part of the *res gestæ* and admissible.

3. When common observers, having special opportunity for observation, may testify to their opinions as conclusions of fact, although not experts, pointed out.

On error to the Passaic Oyer and Terminer.

For the plaintiff in error, *Peter J. McGinnis.*

For the defendant in error, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J.    The plaintiff in error was convicted of murder in the first degree in the Passaic Oyer, and the judgment upon that verdict is here for review.

Many grounds are alleged for reversal, but only a few of them are of sufficient importance to require notice.

At the time of the prisoner's arrest there were found upon his person a revolver, a rope, a bottle, with some liquid in it, and some pawn tickets. At the trial all these were fully identified, by Officers Gault and Sauter, and all were offered in evidence by the state and admitted by the court. It is claimed that the admission of any of these articles, except the revolver, was erroneous.

The contention on the part of the plaintiff in error is that it was prejudicial to the prisoner to have articles introduced in evidence which had been found upon his person, but which did not have any direct relation to the crime with which he was charged. The revolver, they concede, was admissible, because death resulted from a gunshot wound, alleged to have been the result of the discharge of a revolver in the hands of the prisoner. All the articles in evidence were voluntarily surrendered by the prisoner at the time of his arrest, and while it may be true that they were not, with the exception of the revolver, of any materiality in the state's case, it is equally true that their introduction in evidence by the state was a frank presentation to the court and jury of all the property given up by the prisoner, in the same condition in which it had been received. Such articles thus received are admissible in evidence. The prisoner cannot complain because the state put all the articles in evidence. A complaint that the state had put some of many articles found upon the prisoner in evidence would be much more forceful.

The state made a frank disclosure of everything taken from the prisoner's person, and these were just as admissible as would have been an offer in evidence of the coat the prisoner wore, or the watch he carried, on the day of the murder. *Commonwealth* v. *Williams,* 2 *Cush.* 582, 585.

There was no error in admitting these articles.

Another exception relates to the admission in evidence of the cries of "Police; thief!" made by the deceased just before he was shot, and to the reference to that evidence by the trial judge in the charge. A brief reference to the facts is necessary.

Just before the prisoner fired the fatal shot he was seen to come in haste out of the store of his victim and the deceased to immediately follow him, running, and crying, as he ran, "Police; thief!" As the deceased came up to the prisoner at the corner of Ward street he drew a revolver and shot the deceased, when he was only about six feet away. The prisoner then escaped, though followed by many persons,

but was arrested the same day at a farm-house about four miles from the city.

This evidence was clearly admissible as a part of the *res gestæ*. We think that the act of the prisoner, in running from the store and turning in his flight and shooting his pursuer, who was crying "Police; thief!" was one from which the jury might reasonably infer that the prisoner either had attempted, or had actually committed, a theft. It is difficult to see what other construction could be placed upon conduct such as that of the prisoner. If theft had not been his purpose, under the proof in the case, what was his purpose? Why kill a pursuer if such pursuer was not truthfully accusing him by his cries? It all bore upon the prisoner's intent in firing the shot.

The prisoner denied that he was there; his defence was an *alibi*. If the jury believed he was there; that he testified falsely about that, and had, hence, not denied the truth of the cries of the deceased, as testified, was it not proper for the jury to conclude that his presence in the store was for the purpose of theft, and that he deliberately fired the fatal shot to take the life of his pursuer, and thereby escape arrest?

There was no error in admitting this evidence or in reference thereto by the trial judge in his charge.

A third assignment of error relates to the alleged erroneous admission of certain testimony given by a surveyor, as to distances, and by a policeman, as to the calibre of a revolver, the objection being that this is opinion evidence and the witnesses did not qualify as experts.

The evidence, we think, was rightly received. Common observers, having special opportunity for observation, may testify to their opinions as conclusions of fact, although they are not experts, if the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time, and their opinions are such as men in general are capable of forming with reasonable correctness on the facts observed. *Commonwealth* v. *Sturtivant*, 117 *Mass.* 122.

The opinion of a surveyor as to the distance from one cer-

tain point to another, with which he is familiar, and the opinion of one used to handling firearms as to the calibre of a revolver, are within this rule.

This class of evidence was rightly admitted in this case.

Other assignments of error in the record have been considered, but they are inconsequential and without substance.

The judgment of the Passaic Oyer is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, VREDENBURGH, VOORHEES, VROOM, GREEN, GRAY. 12.

*For reversal*—None.